Matter of the Estate of EDWARD C. BODMAN, Deceased.

(Surrogate's Court, New York County, June, 1917.)

Transfer tax — report of appraiser — decedent's estate — partnership —
real estate — corporations.

> To enable a transfer tax appraiser to ascertain decedent's
> interest in a firm, an accountant submitted an affidavit stating
> that the figures given as to the assets and liabilities of the
> firm were " accurate statements from the books of the copart-
> nership," and he further stated that he had made deduction
> ranging from five to ten per cent, as depreciation from the
> value of the assets.  *Held,* that if the figures given by him
> were " accurate statements from the books of the copartner-
> ship " his conclusion as to the value of decedent's interest was
> incorrect because he failed to make any deduction from the
> figures supposed to have been taken from the books of the
> firm; if he made the deduction, then the figures given by him
> cannot be " an accurate statement from the books of the
> copartnership."

The market price of wheat, barley, oats and grain at the date of decedent's death should be taken in ascertaining the value of his interest in the firm and not the cost price.

A statement that there was no good will because the firm did no business with the public being inconsistent with the amount of accounts receivable and accounts payable, there should be some explanation of both items.

Real estate owned by a corporation in which decedent held stock should be appraised at its market value at the date of decedent's death.

Where the value of merchandise owned by a corporation in which decedent held stock is given but whether that amount represented the market value at the date of decedent's death was not stated, the report of the appraiser should be remitted for correction.

To justify the appraisement of a corporate note at considerably less than its face there should be a verified statement of the assets and liabilities of such corporation at the date of decedent's death.

REVIEW of transfer tax appraiser's report.

Reynolds & Goodwin, for petitioner.

Henry N. Tifft, for Madison Square Church House.

Lafayette B. Gleason, for State Comptroller.

FOWLER, S. The decedent was a member of the firm of Milmine, Bodman & Company, which has been established in this city for more than thirty years. For the purpose of enabling the appraiser to ascertain the value of decedent's interest in the firm an affidavit was submitted by an accountant in which he states that the figures given by him in relation to the assets and liabilities of the firm are " accurate statements from the books of the copartnership." He subsequently states that deduction ranging from five per cent to ten per cent had been made by him as

depreciation from the value of the assets. If the figures given by him are '' accurate statements from the books of the copartnership,'' then his conclusion as to the value of decedent's interest is incorrect, because he fails to make any deductions from the figures supposed to have been taken from the books of the firm. If he has made the deductions, then the figures given by him cannot be '' accurate statements from the books of the copartnership.''

In ascertaining the value of the merchandise on hand the accountant has taken the cost price of wheat, barley, oats and grain. This is incorrect, as it is the market price of the merchandise at the date of decedent's death which should be taken in ascertaining the value of decedent's interest in the firm.

The accountant states that there is no good will, because the firm does not do business with the public. This statement seems to be inconsistent with accounts receivable of $297,320 and accounts payable of $191,247.93. There should be some explanation of these items.

In ascertaining the value of the stock of the Rochester Cold Storage and Ice Company the accountant has deducted five per cent from the cost price of the real estate owned by the company. This is incorrect, as the real estate should be appraised at its market value upon the date of decedent's death.

The value of the merchandise owned by the Bodman-McConaughy Company is given at $295,909.29, but it is not stated whether that amount represented the market value of the merchandise at the date of decedent's death.

To justify the appraiser in appraising at $68,-151.58 the value of the note given by the Elk Creek Ranch Company to the decedent for $81,594.71 there should be a verified statement of the assets and

liabilities of the company as of the date of decedent's death.

The appraiser's report will be remitted to him for further testimony in regard to the matters above referred to.

Decreed accordingly.