In the Matter of the Estate of ROBERT H. REID, Deceased.

Surrogate's Court, Oneida County, June 3, 1929.

*J. E. Hanagan*, for the State Tax Commission.

*Martin & Rendell* [*Richard R. Martin* of counsel], for the executor.

EVANS, S. The executor herein has appealed from an order determining the amount of transfer tax in this estate. There are two errors assigned.

One is that in estimating the value of the good will of the business of which the testator was the owner of one-half, the appraisers should have allowed as salary to the partners a greater sum than they had withdrawn for that purpose.

The testator was one of two equal partners in the firm of Reid-Sheldon & Co., located at 43–45 Genesee street, Utica, N. Y., and engaged in the sale of leather goods and other articles. This is an old-established business originating about forty-seven years ago. Prior to the year 1927 the firm was Moore-Sheldon & Co. In 1917 a copartnership was formed by Robert H. Reid, Artemus B. Sheldon and Mary S. Reid, each owning an undivided one-third interest in the business.

Their agreement provided among other things that Mrs. Reid was to devote no time to the business and that Mr. Reid and Mr. Sheldon should conduct the store and that the profits and losses should be equally divided among the three partners. It was also agreed that Mr. Reid and Mr. Sheldon should each receive as compensation for their services in managing the business the weekly

wage of thirty dollars. The compensation to the two active partners was increased to forty-five dollars per week and later to sixty dollars per week. It is contended on the part of the appellant that the salaries paid to the active partners were inadequate and that each should have received six thousand dollars per year.

According to the exhibits filed the inference is that Mrs. Reid in 1924 ceased to be a partner and her interest was merged into what is listed as a loan amounting to $10,700.

A statement of the business bearing date February 1, 1925, indicates the change noted. It seems clear that from 1917 to 1925 while Mrs. Reid was an inactive partner the compensation paid to Mrs. Reid and Mr. Sheldon was in no sense a drawing account. It represented payment by agreement for services to equalize rights between the active and inactive partners. This valuation appears to me to be conclusive on the parties interested.

The withdrawal of Mrs. Reid from the firm rendered possible a drawing account instead of a salary for the active partners. The profits from the business for the years 1925, 1926, 1927 and 1928 appear to be slightly less than when Mrs. Reid was a partner and the conclusion seems logical that this condition does not warrant an increased allowance for salaries. The valuation of good will is, therefore, affirmed.

The other error claimed is in the valuation of the tangible assets of the firm of Reid and Sheldon, of which the testator owned one-half.

The testator died on July 13, 1928, and the representative of his estate prepared the usual schedules for taxation purposes as of that date.

The appraisers representing the State adopted as a basis the figures shown by the balance sheet of the firm on February 1, 1928, at the close of the fiscal year. No question is raised as to the correctness of the figures shown on the two dates and the sole point involved is one of time. The event that empowers the State to exact the payment of a transfer tax is the death of the owner of such taxable property. The tax then accrues.

I can find no authority to warrant an appraisal of property owned by a decedent several months prior to death. The time of the transfer is arbitrary and fixed. (*Matter of Vassar*, 127 N. Y. 1.)

The taxes imposed by this act are special and not general. (*Matter of McPherson*, 104 N. Y. 306.)

The rule is that special tax laws are to be construed strictly against the government and favorable to the taxpayer, that a citizen cannot be subjected to a special burden without clear warrant of law. (*Matter of Enston*, 113 N. Y. 174.)

The fact that the assets of a business may be greater at one time

of the year than at another, I think, has no bearing on the subject of taxation.

The law does not permit a " rule of thumb " but makes the time definite and certain. The precise point involved seems not to have extensive consideration by the courts. (*Matter of Bodman*, 100 Misc. 390, 392.)

The court among other things announced the rule that " it is the market price of the merchandise at the date of decedent's death which should be taken into consideration in ascertaining the value of decedent's interest in the firm."

It follows that the order assessing the tax may be modified or amended as follows:

| | |
|---|---:|
| Good will....................................... | $13,924 36 |
| Capital and surplus July 13, 1928.................. | 17,591 71 |
| Value of copartnership........................ | $31,516 07 |
| One-half interest in copartnership................. | $15,758 03 |

Decreed accordingly.